

U.S. Department of Justice

United States Attorney
Eastern District of Missouri

*Organized Crime Drug Enforcement Task Force*

| | | |
|---|---|---|
| *Stephen Casey* | *Thomas Eagleton U.S. Courthouse* | OFFICE: 314-539-2200 |
| *Assistant United States Attorney* | *111 S. 10th Street, Rm. 20.333* | DIRECT: 314-539-6068 |
| | *St. Louis, MO 63102* | FAX: 314-539-2309 |

October 28, 2021

Re: <u>United States v. Stephen Griffin, Jr., et al.</u>
4:21 CR 554 SRC DDN

Dear Counsel:

This letter sets forth the Government's position with respect to the following subjects: (A) Discovery; (B) Reciprocal Discovery, (C) Rule 12(b)(4) Notice, (D) Cooperation, and (E) Pleas.

**(A) Discovery**

The Government agrees to provide you with all relevant material within the purview of Rule 16, Federal Rules of Criminal Procedure. The discovery will include statements and evidence that are also subject to Rule 12(b) disclosure.

<u>Discovery is voluminous and will be produced in batches</u>. I anticipate Batch #1 will be available on or about Monday, November 1, 2021. Included in Batch #1 will be legal process and reports. I anticipate Batch #2 will be available approximately two weeks after. Included in Batch #2 will be the balance of the discovery, to include folders with materials specific to each defendant that will be provided only to that defendant. Any additional discovery that comes in will be produced on a rolling basis thereafter.

Some of the data is so large it cannot be reasonably produced to all defendants. Thus, it will be made available for review or provided on a case-by-case basis. This data includes: pole camera footage of 365 Home Care Services; closed caption TV from inside 365 Home Care Services; intercepted oral communications from inside 365 Home Care Services; intercepted telephone calls; phone downloads and other digital data. In the case of phone downloads, Bates stamped "placeholders" will be included in the discovery.

Be advised that the investigation relied on evidence derived from intercepted SnapChat communications obtained pursuant to Title III in another jurisdiction. Those Title III warrants were directed at another DTO that captured only certain defendants. I'm attempting to obtain legal process and relevant data from the other jurisdiction. I anticipate that to be included in Batch #2.

The Government will make all Jencks material available no later than the Friday preceding trial, conditioned upon the defendant's agreement to make available statements of defendant's witnesses at the same time. The Government agrees to produce all Grand Jury transcripts to the extent they constitute Jencks material and make them available for inspection. Grand Jury exhibits will be produced in discovery.

The Government utilized electronic surveillance, confidential informants, and audio and video surveillance in the investigation underlying the charges set forth in the indictment. Further, the discovery will include evidence of other, as yet uncharged crimes. The Government hereby notifies each defendant of its intention to use evidence of other crimes during its case-in-chief. The Government has included in discovery reports and recordings of statements made by a defendant in the discovery folder specific to that defendant. To the extent those materials constitute Jencks material, they will be produced at the appropriate time.

This is notice that the Government has provided records related to certain physical evidence seized during the investigation and intends to use that physical evidence at trial.

The Government will file a motion for a complex case finding in light of the voluminous discovery.

Finally, the Government agrees to furnish any and all favorable evidence to the defendant if and when its existence becomes known to the Government. At the present time, to its knowledge, the Government does not have any favorable evidence regarding any of the defendants.

**(B) Reciprocal Discovery**

In order to avoid the filing of motions pursuant to Rules 12, 16, and 26 of the Federal Rules of Criminal Procedure, the Government requests the following from each defense counsel:

1. Copies of or the right to inspect any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in its case-in-chief at trial;

2. Copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence at trial or which were prepared by witnesses whom the defendant intends to call at trial when the results or reports relate to their testimony;

3. A written summary of testimony the defendant intends to use under Rules 702, 703 and 705 as evidence at trial, including the opinions of such witnesses, the bases therefor, and witness qualifications; and

4. All statements of any defense witness that relate to the subject matter to which the witness will testify.

5.	Notice of intention to offer a defense of alibi including the specific place or places at which the defendant claims to have been at the time of the offenses alleged in the indictment and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

I would appreciate a written response prior to any suppression hearing to determine whether I will have to file formal requests for a Court order to enforce such discovery compliance.

**(C)  Rule 12(b)(4) Notice**

The government will file a separate document entitled: "Government's Disclosure of Arguably Suppressible Evidence Pursuant to Federal Rule of Criminal Procedure 12(b)(4)."  The document will set forth events in the instant matter which could be arguably subject to a motion to suppress.

The disclosure does not include matters such as surveillance undertaken in the public realm, materials attained through administrative subpoena or similar matters which did not result in a seizure or arrest.  If you believe one of these events is subject to challenge, please notify me in advance of the hearing so that I can arrange for any necessary witnesses.

**(D)  Cooperation**

Any defendant who is interested in cooperating should contact me sooner rather than later. Pursuant to Section 5K1.1, timeliness is a factor in assessing whether a downward departure based upon substantial assistance should be filed.  In order to avoid problems, notice is given that individuals who merely restate information already provided by other individuals or already discovered during the course of the investigation will not be deemed to have provided substantial assistance.

**(E)  Plea Offers**

The substantive motion hearings in this case will be long and complex. Any motion hearing will require the court to allocate significant resources to adjudicate.  The preparation for the motion hearing and presentation of evidence will be part of the Government's trial preparation in this matter. Accordingly, **it will be the Government's position that any defendant who participates in motion hearings and later elects to enter a plea, will not be eligible for an additional point reduction in the offense level pursuant to U.S.S.G. Section 3E1.1**.

Please call if you have any questions or need any additional information.

Very truly yours,

SAYLER A. FLEMING
United States Attorney

/s/ *Stephen Casey*
Stephen Casey
Assistant United States Attorney